Filed 6/18/14  P. v. Gonzalez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SERGIO AGUIAR GONZALEZ,<br><br>    Defendant and Appellant. | D064484<br><br><br>(Super. Ct. No. JCF30111) |


APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Coughlan, Semmer, Fitch & Pott, LLP, and Earll M. Pott, by appointment of the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

Defendant Sergio Aguiar Gonzalez was charged with (1) evading an officer (Veh. Code, § 2800.2, subd. (a); count 1); (2) leaving the scene of an accident resulting in injury (Veh. Code, § 20001, subd. (a); count 2); (3) possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 3); (4) possession of a controlled

substance for sale (Health & Saf. Code, § 11351; count 4); (5) transportation of a controlled substance (Health & Saf. Code, § 11352, subd. (a); count 5); (6) possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 6); (7) possession of a controlled substance for sale (Health & Saf. Code, § 11378; count 7); and (8) transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a); count 8). As to each count, it was further alleged that Gonzalez had suffered three prior convictions resulting in prison commitments under Penal Code section 667.5, subdivision (b). As to count 8, it was alleged that Gonzalez had suffered a prior conviction for transportation of a controlled substance under Health and Safety Code section 11370.2. subdivision (c). Thereafter, Gonzalez pleaded not guilty to all charges.

On the date set for trial Gonzalez pleaded no contest to each of the eight counts and admitted the prison prior and the prior conviction for transportation of a controlled substance. Gonzalez was sentenced to the upper term of five years for the count 5 transportation of a controlled substance, plus three years for the prior conviction for transportation of a controlled substance, plus one year for the prison prior. He was sentenced to an additional eight-month consecutive sentence, one-third the middle term of two years, for evading an officer.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible, but not arguable issues. We offered Gonzalez the opportunity to file his own brief on appeal but he has not responded.

2

FACTUAL BACKGROUND

On September 1, 2012, a California Highway Patrol officer observed Gonzalez and his passenger, codefendant Jessica Reyes, traveling on Gonzalez's motorcycle at a high rate of speed on Interstate 8 in Imperial County. After confirming with radar that Gonzalez was travelling approximately 85 miles per hour, the officer entered his police cruiser, activated his emergency lights and sirens, and gave chase. Other law enforcement officers, in police cars and a helicopter, joined in the pursuit which lasted over 90 miles and reached speeds in excess of 120 miles per hour.

The chase ended at the Calexico border crossing. Near the conclusion of the chase Gonzalez collided with a police vehicle and Reyes was knocked from the motorcycle. Gonzalez continued riding the motorcycle until he crashed. He fled into Mexico, where he was apprehended and turned over to law enforcement.

Officers recovered and searched a backpack that Reyes had been wearing during the chase. They recovered four cell phones, over $800 in cash, a fist-sized white powdery substance, later determined to be cocaine, and a yellow, crystalline substance, later determined to be methamphetamine. The phones, amount of cash, and the quantity of drugs recovered were consistent with an intent to sell.

Reyes, who was hospitalized as a result of her injuries, was interviewed by police and denied ownership of the backpack and its contents. She identified Gonzalez as her boyfriend and told police she and Gonzalez had seen the pursuing police car.

Gonzalez was also interviewed. He told police that the backpack was his, but he had only put his shorts in it. He said the cash in the backpack was his, but denied

3

knowledge of the drugs.  He also acknowledged seeing the police lights and the helicopter during the chase and estimated he had reached a maximum speed of between 100 and 150 miles per hour.  He also told police that when they searched his home in El Cajon, he expected them to find two pounds of methamphetamine, a firearm, and several pounds of marijuana.

DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating he is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende*, *supra*, 25 Cal.3d 436.  Pursuant to *Anders*, *supra*, 386 U.S. 738, the brief identifies the following possible, but not arguable issues:

1.  Was Gonzalez's counsel ineffective?;

2.  Was there a sufficient factual basis for the plea?; and

3.  Is Gonzalez's sentence unlawful?

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders,* 386 U.S. 738, and have not found any reasonably arguable appellate issues.  Competent counsel has represented Gonzalez on appeal.

## DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.